HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALBERTO E AVALO and VICTORIA AVALO.<br><br>Plaintiffs,<br><br>v.<br><br>REGIONAL TRUSTEE SERVICES CORPORATION,<br><br>Defendant. | CASE NO. C12-5745 RBL<br><br>ORDER GRANTING MOTIONS TO DISMISS<br><br>[Dkt. #s 8, 9, and 11] |

THIS MATTER is before the Court on Defendants' Motions to Dismiss [Dkt. #s 8, 9, and 11]. The case arises from a home mortgage loan. Facing foreclosure, the pro se Plaintiffs sued their lender, its successor, the loan servicer, and a variety of employees[1] of these institutions. Their 43 page complaint alleges fraud, conspiracy to defraud, violations of the "Washington State Fair Debt Collection Practices Act," violations of the Federal Fair Debt Collection Procedures Act, violations of the Truth In Lending Act, violations of the Real Estate Settlement

---

[1] There is no evidence that any of these entities were properly served under Washington law. Plaintiffs' "Certificate of Service" claims only that each defendant was sent a copy of the Complaint by "Certified Mail." This is not sufficient service as a matter of law.

Procedures Act, Abuse of Process, and violations of the Racketeer Influenced and Corrupt Organizations Act. [Dkt. #1, Ex. 1]

Defendants Saxon Mortgage, Duetsche Bank, Ocwen Loan Servicing, and Regional Trustee Services and the individual defendants seek dismissal under Fed. R. Civ. P. 12(b)(6). They argue that Plaintiffs' claims are not properly pled and are time barred. They argue that the claims cannot survive as a matter of law and should be dismissed with prejudice because amendment would not cure the fatal flaws in Plaintiffs' claims.

## I. BACKGROUND

Plaintiffs borrowed $388,000 from Saxon Mortgage in 2004. The debt was secured by a Deed of Trust on the Plaintiffs' home. The loan was subsequently assigned to Deutsche Bank Trust Company. RTS was named a successor trustee along the way. Plaintiffs ran into financial difficulty in 2006, and sought (and were apparently denied) a loan modification in 2009. They fell into default (they admit they did not make all required payments) and a foreclosure was commenced. The notice of Default was issued and served in March 2012. Plaintiffs sued in state Court in August 2012, and the case was timely removed to this court.

Plaintiffs claim that the foreclosing lenders do not have authority to foreclose, that the various assignments and securitization of their loan is fraudulent and criminal, and that various fraudulent misrepresentations were made to them over the course of their loan.

Their Complaint contains 8 causes of action, and despite the length of that document, each claim is wholly conclusory. For example, they claim only that Deutsche Bank's claim that it is authorized to foreclose is fraudulent and that they have been damaged as a result. Similarly, they claim that the FDCPA was violated because the lenders claimed they had the right to

foreclose, while the Plaintiffs claim they did not. Due to these and other claimed deficiencies, the Defendants seek dismissal for failure to state a claim.

## II. DISCUSSION

**A. Fed. R. Civ. P. 12(b)(6) Standard.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3f 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether

there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Despite Plaintiffs' claims to the contrary, the facts are not in dispute in this case, and as is discussed below, there is no possibility that the flaws in Plaintiffs' complaint could be cured by amendment. Thus, the Court denies leave to amend.

**B. Authority to foreclose.**

Most if not all of Plaintiffs' claim rely on their oft-repeated claim that because of the various assignments of the Deed of Trust and the securitization of their loan, Deutsche Bank is not authorized to foreclose. This claim is not independently supported. Plaintiffs claim only that the securitization of the Note was improper, that it apparently resulted in the loss of the original Note, and that it had the effect of discharging their re-payment obligation.

This claim finds no support whatsoever in any of the countless opinions dealing with such claims in this unfortunate economic climate.

Courts of this district have routinely rejected "show-me-the-note" claims. *See, e.g., Mikhay v. Bank of Am., NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D. Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not to the borrower. RCW 61.24.030(7).

Plaintiffs present no authority undermining the chain of title. The Trust holds the Note, Plaintiffs have defaulted, and foreclosure is proper. This conclusion undermines all of Plaintiffs' claims and arguments, which are discussed below.

**C.  Fraud claims.**

Defendants seek dismissal of Plaintiffs' fraud and conspiracy claims because they are not sufficiently pled and because they are time barred as a matter of law.

To state a claim for common law fraud, a plaintiff must allege nine elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by plaintiffs; (6) plaintiffs' ignorance of its falsity; (7) reliance on the representation; (8) plaintiffs' right to rely upon it; and (9) actual harm.  *Stiley v. Block*, 130 Wn.2d 486, 506 (1996). These facts must be pled with particularity. Fed. R. Civ. P. 9(b). In other words, a plaintiff must identify the representations, that they were false when made, the speaker, when and where the statements were made, and how the representations were false or misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994).

The limitations period for a fraud claim under Washington law is three years.  RCW 4.16.080(4).  Plaintiffs' fraud allegations are not at all clear, but they appear to relate to the initial loan process (2004) or the loan modification process (May 27, 2009).  Even the most liberal reading of Plaintiffs' voluminous filings in this case does not support a fraud claim (at all) much less one arising three years prior to the Complaint.  Indeed, other than saying the words fraud and conspiracy, there are no factual allegations supporting such a claim.  Plaintiffs' entire response on the fraud (and conspiracy to commit fraud) claims is that "the clock starts on the day the fraud is discovered."

But Plaintiffs have not articulated any fraud, or conspiracy to commit fraud, or even claimed that they discovered it within the limitations period.

Plaintiffs' fraud and conspiracy claims fail to state a claim as a matter of law. Defendants' Motions on those claims are GRANTED and they are DISMISSED with prejudice.

**D.  State FDCPA [CPA] claim.**

Plaintiffs claim that all of the defendants violated Washington's Fair Debt Collection Practices Act[2]. This claim, like all of the others, appears to rely solely on the conclusory claim that the lenders do not have authority to foreclose.  Plaintiffs' Response to the Motions argues that the fallacious nature of the Defendants' arguments is shown by the fact they removed the case from state court to federal court.  There is no authority anywhere remotely suggesting that the validity of a state law claim facing a Rule 12 Motion can be demonstrated by the fact of removal.

Nor have Plaintiffs articulated any of the five elements of a CPA claim; they claim only that they "will" do so in the future. [Dkt. # 15 at 14.]  This is not sufficient as a matter of law.  Defendants' Motion to Dismiss Plaintiffs' state law CPA claim is GRANTED and that claim is DISMISSED with prejudice.

**E.  FDCPA claim.**

Plaintiffs also asserts a Federal Fair Debt Collection Procedures Act claim.  Defendants seek dismissal of this claim on the basis that none of them are debt collectors for purposes of the FDCPA, and that the claim is time barred.

Plaintiffs' response is the conclusory claim that the Defendants are not acting as banks, but as debt collectors.  Indeed, Plaintiffs' primary claim is that Defendants do not have the right to foreclose and by claiming that they do they have violated the FDCPA.  But this claim depends on Plaintiff asserting and articulating a plausible theory supporting the claim that Deutsche Bank has no authority to foreclose on the Deed of Trust when Plaintiffs admit they have not repaid the loan.  As is discussed below, the Plaintiffs have utterly failed to do so.

---

[2] Defendants logically (if generously) construe this as a Consumer Protection Act claim, because there is no Washington FDCPA.  Plaintiffs seem to concede this in their response.

Defendants' Motion to Dismiss Plaintiffs' FDCPA claim is GRANTED and that claim is DISMISSED with prejudice.

**F. TILA claim.**

Plaintiffs concede that their TILA claim is time barred and that claim is DISMISSED with prejudice.

**G. RESPA claim**

Plaintiffs assert a RESPA claim against Deutsche Bank and RTS. Defendant Saxon therefore did not move on this claim. But Plaintiffs' Response, such as it is, relies (only) on its claim that Saxon failed to respond their Qualified Written Requests. As there is no claim against Saxon, that is not a sufficient response.

Deutsche Bank argues, persuasively and without rebuttal, that Plaintiffs have failed as a matter of law to allege facts in support of such a claim against them (or against RTS). See RESPA §2605.

Defendants' Motion to Dismiss the RESPA claim is GRANTED and that claim is DISMISSED with prejudice.

**H. Abuse of Process claim.**

Plaintiffs assert a state law claim for abuse of process, based solely on their claim that Deutsche Bank is not authorized to foreclose. This argument is without legal or factual support, as discussed above. The Defendants Motion to Dismiss the Abuse of Process claim is GRANTED and that claim is DISMISSED with prejudice.

**I. RICO claim.**

Plaintiffs' final claim is under RICO. They claim that all of the Defendants conspired to defraud them, as is generally described earlier in this Order. The Court is not aware of any reported opinion in the country holding that the foreclosure on a Deed of Trust when the loan is

admittedly in default is a RICO violation. Indeed, Plaintiffs concede that their only support for this claim is the claim that the Defendants are not authorized to foreclose. This claim has been addressed and disposed of.

Defendants' Motion to Dismiss Plaintiffs' RICO claim against them is GRANTED and this claim is DISMISSED with prejudice.

***

Defendants' Motion is GRANTED and Plaintiffs' Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 11th day of February, 2013.

_____
Ronald B. Leighton
United States District Judge